UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

MATTHEW G. ZUMBO,

                Plaintiff,

                                      Case No: 1:21-cv-1060

   vs.

OUTFRONT MEDIA INC.,

                Defendant.

### *PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT*

    NOW COMES the Plaintiff, Matthew G. Zumbo, by his attorneys, Michael T. Hopkins and Paras R. Shah, and as and for a cause of action against the Defendant, Outfront Media, Inc., alleges and shows to the Court as follows, to wit:

### I. JURISDICTION AND VENUE

    1. The Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §1331 and §1338(a), as this case arises under the U.S. Copyright Act, 17 U.S.C. §101, et seq.

    2. Venue is proper in this Court pursuant to 28 U.S.C. §1400(a), as the Defendant and/or its agents reside or may be found in this District; further, venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events giving rise to this claim occurred, and a substantial part of the property that is the subject of this action is situated, in this District.

## II. PARTIES

3. The Plaintiff, Mathew G. Zumbo, is an adult individual residing at 7765 S. Mission Drive, in the City of Franklin, Milwaukee County, Wisconsin, who is self employed as a graphic artist.

4. The Defendant, Outfront Media Inc. (hereinafter "OMI") is a Maryland corporation with a principal office located, inter alia, at 1233 W. Monroe Street, Chicago, Illinois. (Source: https://www.outfrontmedia.com/find-your-market/chicago; and OMI's 12/21/2020 Chicago Media Kit).

## III. FACTS

### A. Outfront Media Inc.'s Business Organization

5. OMI, with its subsidiaries, is a real estate investment trust ("REIT") which provides advertising space ("displays") on billboards and transit advertising in the United States and Canada. (Source: OMI's SEC Form 10-Q, for quarter ended September 30, 2020, page 10, Note 1).

6. OMI's inventory consists of displays in all of the 25 largest markets in the U.S., and approximately 150 markets across the U.S. and Canada. (Source: *Id*.).

7. OMI manages its operations through two operating segments —U.S. Billboard and Transit, which is included in its "U.S. Media" reportable segment, and "International." (Source: *Id*.).

8. OMI owns and operates its U.S. Billboards and fixed transit display assets through "Qualified REIT Subsidiaries, or "QRSs." (Source: OMI's Dec. 2020 *OUT Investor Presentation*, slide 56).

9. Through operations conducted from its Chicago office, as more fully described in paragraphs 10-14, infra, OMI leases advertising space across greater Chicagoland (its 3rd largest U.S. market), on various advertising formats such as large billboards (print and digital), and smaller format displays referred to as "wallscapes," "trestles," "metro lights," "backlit squares," and "posters" (digital and junior). (Source: OMI's 12/21/2020 Chicago Media Kit).

10. OMI leases, manages and maintains its Chicagoland advertising assets through various QRSs, including Outfront Media Chicago, a New York limited liability company duly registered to conduct business in Illinois.

11. OMI leases, manages and maintains its Chicagoland advertising assets through various QRSs, including Outfront Media Group LLC, a Delaware limited liability company duly registered to conduct business in Illinois.

12. OMI leases, manages and maintains its Chicagoland advertising assets through various QRSs, including Outfront Media LLC, a Delaware limited liability company duly registered to conduct business in Illinois.

13. OMI leases, manages and maintains its Chicagoland advertising assets through various QRSs, including Outfront Media Sports Inc., a Delaware corporation duly registered to conduct business in Illinois.

14. OMI leases, manages and maintains its Chicagoland advertising assets through various QRSs, including Outfront Media VW Communications LLC, a New York limited liability company duly registered to conduct business in Illinois.

15. Pursuant to §856(i)(1) of the Internal Revenue Code (26 U.S.C. §856(i)(1)), all assets and liabilities of the QRSs described in paragraphs 10 through 14, supra, are treated as the assets and liabilities of OMI.

**B. Matthew Zumbo's Graphic Art Work**

16. Matthew Zumbo has created an original work of graphic art entitled *Uncle Sam Strikes Back* (hereinafter "Work"), a true and correct copy of which is reproduced below:



17. Matthew Zumbo registered his copyright in the Work with the United States Copyright Office on May 9, 2002, and was issued a Registration Certificate therefor, a true and correct copy of which is attached hereto as Exhibit A.

**C. Outfront Media Inc.'s Infringement of Zumbo's Graphic Art Work**

18. In early May 2020, while driving from his home in Wisconsin to visit family members in Illinois, Matthew Zumbo was traveling on I-294 near O'Hare Airport when he observed an OMI billboard on which a copy of his Work was reproduced and publicly displayed, a photograph of which is reproduced below:



19. Upon further investigation it was discovered that Matthew Zumbo's Work was reproduced and publicly displayed on no fewer than six (6) of OMI's billboards located adjacent to I-294 and other nearby interstate highways in the Chicagoland area.

20. Matthew Zumbo's Work was reproduced and publicly displayed on OMI's billboards by OMI directly, or by one or more of its QRSs identified in paragraphs 10 through 14, *supra*.

21. OMI's copying, derivative use and public display of Matthew Zumbo's Work, described above, was done without permission or license from Matthew Zumbo, in violation of his exclusive copyright therein.

22. Upon information and belief, OMI has infringed Matthew Zumbo's copyright in the Work in various other ways, the breadth and scope of which shall be ascertained during the course of discovery.

## IV. CAUSES OF ACTION FOR NON-WILLFUL COPYRIGHT INFRINGEMENT

### A. Count One

23. Matthew Zumbo re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 22, *supra*.

24. OMI, without knowledge or intent, infringed Matthew Zumbo's copyright in the Work by making unauthorized copies thereof, in violation of 17 U.S.C. §106(1).

### B. Count Two

25. Matthew Zumbo re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 22, *supra*.

26. OMI, without knowledge or intent, infringed Matthew Zumbo's copyright in the Work by creating derivatives therefrom in the form of billboard advertisements, in violation of 17 U.S.C. §106(2)

### C. Count Three

27. Matthew Zumbo re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 22, *supra*.

28. OMI, without knowledge or intent, infringed Matthew Zumbo's copyright in the Work by publicly displaying on its billboards and elsewhere, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5).

## V. ALTERNATIVE CAUSES OF ACTION FOR WILLFUL COPYRIGHT INFRINGEMENT

### A. Count Four

29. Matthew Zumbo re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 22, *supra*.

30. Alternatively, OMI, with full knowledge and intent, infringed Matthew Zumbo's copyright in the Work by making unauthorized copies thereof, in violation of 17 U.S.C. §106(1).

### B. Count Five

31. Matthew Zumbo re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 22, *supra*.

32. Alternatively, OMI, with full knowledge and intent, infringed Matthew Zumbo's copyright in the Work by creating derivatives therefrom in the form of billboard advertisements, in violation of 17 U.S.C. §106(2)

### C. Count six

33. Matthew Zumbo re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 22, *supra*.

34. Alternatively, OMI, with full knowledge and intent, infringed Matthew Zumbo's copyright in the Work by publicly displaying on its billboards and elsewhere, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5).

### VI. VIOLATIONS OF DMCA § 1202

### A. Count Seven

35. Matthew Zumbo re-alleges and incorporates, as if fully set forth herein, paragraphs 1 through 34, *supra*.

36. Additionally and alternatively, OMI violated §1202 *et seq*. of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202 as follows:

   a. In creating the billboard ads identified above, OMI intentionally removed and omitted Matthew Zumbo's copyright management information ("CMI") from copies of his Work.

    b.    OMI thereafter distributed copies and/or derivatives of said Work knowing that Matthew Zumbo's CMI had been removed or omitted without proper authorization.

    c.    At the time OMI removed Matthew Zumbo's CMI from its billboard ads, and at the time it distributed copies of the ads from which the CMI had been removed or omitted, OMI knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, or conceal its infringement of Matthew Zumbo's copyright.

37. Matthew Zumbo is entitled and seeks to recover from OMI, in addition to damages for copyright infringement, statutory damages for violation of 17 U.S.C. §1202, *et seq*. not exceeding $25,000 for each act committed in violation of Matthew Zumbo's rights thereunder.

38. Pursuant to 17 U.S.C. §1203(b)(5), Matthew Zumbo is entitled and seeks to recover his reasonable attorney fees.

**WHEREFORE**, Plaintiff, Matthew Zumbo, demands that judgment be entered in his favor and against the Defendant, Outfront Media Inc., as follows:

    a).    For an accounting by OMI of its activities in connection with its infringements of Matthew Zumbo's copyright in and to the Work, as well as of the gross profits and revenue attributable to its infringements;

    b).    For Matthew Zumbo's actual damages, in an amount to be determined at trial;

    c).    For OMI's direct and indirect profits attributable to its infringements;

    d).    In the alternative, at Matthew Zumbo's discretion, an award of statutory damages in lieu of actual damages for the infringement of his work described above, in an amount to be determined at trial;

e). An award of statutory damages for each and every violation by OMI of the DMCA, 17 U.S.C. §1202, *et seq.*;

f). Matthew Zumbo's attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

g). For both temporary and permanent injunctions barring OMI, their agents, employees and/or servants, from infringing Matthew Zumbo's copyright in any manner whatsoever, including the advertising, marketing, and sale of infringing works, and further barring OMI from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Matthew Zumbo's work and/or derivatives thereof;

h). An order requiring OMI to produce, for impounding during the pendency of this action and for destruction thereafter, all works which infringe Matthew Zumbo's copyrights, including all photographs, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of OMI and/or its QRSs; and

i). For such other relief as the Court determines to be just and equitable.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Dated this 24th day of February, 2021.

                                                    /s/ Michael T. Hopkins
                                               Michael T. Hopkins, Trial Counsel
                                               WI SBN: 1014792
                                               ND IL BN: 90785581
                                               email: mth@ip-lit.us

IP-Litigation.US
1433 N. Water Street, 4th Floor
P.O. Box 511796
Milwaukee, WI 53203

Tel/Fax: (888) 227-1655


      /s/ Paras R. Shah      .
Paras R. Shah, Local Counsel
ND IL BN: 6330422
email: pshah@davismcgrath.com

Davis McGrath LLC
125 S. Wacker Drive, Suite 300
Chicago, IL 60606

Tel: (312) 332-1178


Counsel for Plaintiff, Matthew Zumbo